UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUAUHTEMOC FLORENTINO AYALA,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. CV 16-1506 FFM<br><br>MEMORANDUM DECISION AND ORDER |

Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration[1] denying his application for disability insurance benefits. Plaintiff and defendant consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Pursuant to the August 22, 2016, Case Management Order, on May 8, 2017, the parties filed a Joint Stipulation ("JS") detailing each party's arguments and authorities. The Court has reviewed the administrative record (the "AR"), filed on January 17, 2017, and the Joint Stipulation. For the reasons stated below, the decision of the Commissioner is reversed and this matter is remanded for further proceedings.

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on January 23, 2017, and is hereby substituted as defendant pursuant to Federal Rule of Civil Procedure 25(d).

## PRIOR PROCEEDINGS

On or about June 14, 2013, plaintiff applied for disability insurance benefits, alleging disability as of January 1, 2008. After his application was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge ("ALJ"). On December 18, 2014, ALJ Christine Long held a hearing. (AR 28-54.) Plaintiff was present with counsel and testified at the hearing.

On March 3, 2015, the ALJ denied plaintiff benefits in a written decision. (AR 12-27.) Therein, the ALJ reported that in 2003 plaintiff had been involved in a boating accident that resulted in the amputation of his left leg below the knee, for which plaintiff received a prosthesis. Additionally, the ALJ accurately noted that the record in this case contains virtually no medical records documenting the treatment plaintiff presumably received for his leg injury. Based on her review of the scant evidence in the record, the ALJ determined that plaintiff possesses the residual functional capacity ("RFC") to perform "light work" subject to numerous accompanying limitations. (AR 20.) In determining plaintiff's RFC, the ALJ assigned little weight to certain opinions of Dr. Ibrahim Yashruti, an examining physician and the only physician to render an opinion about plaintiff's physical limitations. (AR 21.) Ultimately, the ALJ found that plaintiff is able to perform his past relevant work and, therefore, is not disabled.

On June 13, 2016, the Appeals Council denied review of the ALJ's decision. Thereafter, plaintiff initiated this action.

## CONTENTIONS

Plaintiff raises the following contention in this action:

1. Whether the ALJ failed to properly consider the opinions of Dr. Ibrahim Yashruti, an examining physician.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Administration's decisions to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards. *Smolen v. Chater*, 80 F.3d

1273, 1279 (9th Cir. 1996) (citations omitted). "Substantial evidence is more than a scintilla, but less than a preponderance." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998) (citation omitted). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." *Auckland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (internal quotation marks omitted).

If the evidence in the record can reasonably support either affirming or reversing the ALJ's conclusion, the Court may not substitute its judgment for that of the ALJ. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citing *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). However, even if substantial evidence exists to support the Commissioner's decision, the decision must be reversed if the proper legal standard was not applied. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014-15 (9th Cir. 2003); *see also Smolen*, 80 F.3d at 1279.

**DISCUSSION**

Plaintiff was examined by Dr. Yashruti on September 30, 2013. (AR 333-36.) Based on the examination, Dr. Yashruti concluded, among other things, that plaintiff can stand or walk for only two hours each work-day and can not kneel, crouch, or crawl. (AR 336.) In her decision denying benefits, the ALJ rejected Dr. Yashruti's opinions based on the following:

> [The limitations assigned by Dr. Yashruti] are inconsistent with [plaintiff's] failure to seek treatment, as discussed above. Further, in testimony and a disability report, [plaintiff] admitted he did heavy work for several years after the amputation, which indicates he had a greater functional capacity than Dr. Yashruti determined.

(AR 21.) Plaintiff contends that the ALJ impermissibly rejected the opinions of Dr. Yashruti.

///

The Court agrees with plaintiff that the ALJ did not permissibly reject any of Dr. Yashruti's opinions. Because Dr. Yashruti was the only physician to offer an opinion about plaintiff's physical limitations, the ALJ was required to offer clear and convincing reasons, supported by substantial evidence, for rejecting Dr. Yashruti's opinions. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citations omitted). Neither reason provided by the ALJ satisfies that standard.

The ALJ's first reason for discrediting Dr. Yashruti's opinions — plaintiff's failure to seek treatment — is improper for several reasons. First, plaintiff explained at the hearing that he was unable to afford medical treatment.[2] (AR 40.) The ALJ was not permitted to penalize plaintiff for his financial inability to create a medical record that supports Dr. Yashruti's findings. *See Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995) ("Disability benefits may not be denied because of the claimant's failure to obtain treatment he cannot obtain for lack of funds.").[3] Second, because Dr. Yashruti's opinions are adequately supported by his observations of plaintiff during the examination, plaintiff's failure to seek treatment prior to the examination would seem irrelevant to Dr. Yashruti's conclusions. *See Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) ("[W]hen an examining physician provides independent clinical findings . . . such findings are substantial evidence." (internal quotation marks omitted)). Based on the foregoing, the Court concludes that plaintiff's failure to seek treatment was not a clear and convincing reason for rejecting Dr. Yashruti's opinions.

The ALJ's second reason for rejecting Dr. Yashruti's opinions — that plaintiff performed heavy work for several years after his injury — is also not clear and convincing. The ALJ's determination in this regard necessarily assumes that plaintiff

---

[2] The ALJ faulted plaintiff for failing to find free medical treatment.

[3] Ordinarily, a claimant's inability to afford treatment has been applied to reject an ALJ's finding that a claimant is not credible. However, because the ALJ relied on plaintiff's failure to seek treatment to discredit the examining physician's opinion, the reasoning in *Gamble* is applicable to these circumstances.

would not have been able to perform heavy work from 2003 to 2008 if he were as limited as Dr. Yashruti found. However, plaintiff testified the use of the prosthesis in combination with the heavy work required by his job worsened his condition. (AR 36, 42-43.) Accordingly, the Court rejects the ALJ's conclusion that plaintiff's ability to perform heavy work five years prior to Dr. Yashruti's examination suggests that plaintiff is not as limited as Dr. Yashruti described.

Notwithstanding the Court's determination that the ALJ incorrectly rejected Dr. Yashruti's opinions, the Court declines to find that plaintiff is disabled. Even assuming that fully crediting Dr. Yashruti's opinions would render plaintiff unable to perform any work, the record is insufficient to establish that plaintiff was disabled prior to December 31, 2012, plaintiff's date last insured.[4] Additionally, even if plaintiff were disabled prior to the date last insured, it is unclear exactly when he became so, a necessary determination for any retroactive calculation of benefits. *See Aranda v. Comm'r Soc. Sec. Admin.*, 405 F. App'x 139, 141 n.2 (9th Cir. 2010). Dr. Yashruti's opinions are not very helpful in either regard, as they were rendered after plaintiff's date last insured and approximately five years after the alleged onset date. Accordingly, if the ALJ determines on remand that plaintiff's limitations, as described by Dr. Yashruti, preclude all work, the ALJ *must* call a medical expert to testify about plaintiff's onset date. *Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir. 1998) (requiring ALJs to seek testimony of medical expert to determine disability onset date where the medical evidence is not conclusive as to the onset date). Additionally, the ALJ should seek any other evidence about plaintiff's medical history that might help the medical expert make a determination about plaintiff's onset date.

///

///

---

[4] A claimant is ineligible to receive disability insurance benefits if he cannot prove that he was disabled during the period that he was "insured," *i.e.* prior to the date last insured. *See* 42 U.S.C. § 423(c).

## CONCLUSION

For the foregoing reasons, the judgement of the Commissioner is reversed and this matter is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.


DATED: November 9, 2017

    /S/FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge